cc: ACK paid

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 25 2003

at 4 o'clock and 20 min. P M
WALTER A. Y. H. CHINN, CLERK

JOHN W. GOEMANS #574
Post Office Box 2849
Kamuela, Hawaii 96743
Telephone: (808) 887-1199
Facsimile: (808) 887-1099
E-Mail: john@jwgoemans.com

ERIC GRANT
JAMES F. SWEENEY
SWEENEY & GRANT LLP
1527 "I" Street
Sacramento, California 95814
Telephone: (916) 341-0321
Facsimile: (916) 444-1933
E-Mail: grant@sweeney-grant.com
(*Pro hac vice* applications pending)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOHN DOE, a minor, by his mother and next friend, JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>KAMEHAMEHA SCHOOLS/ BERNICE PAUAHI BISHOP ESTATE; and CONSTANCE H. LAU, NAINOA THOMPSON, DIANE J. PLOTTS, ROBERT K.U. KIHUNE, and J. DOUGLAS ING, in their capacities as Trustees of the Kamehameha Schools/ Bernice Pauahi Bishop Estate,<br><br>Defendants. | Civil No. CV03-00316 ACK LEK<br><br>**COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES**, summons<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This action challenges the legality of certain policies and practices implemented by Defendants with respect to admission to campuses that are part of the Kamehameha Schools/Bernice Pauahi Bishop Estate (KSBE). Plaintiff alleges that KSBE's self-described "preference [for] children of Hawaiian ancestry" constitutes invidious discrimination on the basis of race in violation of 42 U.S.C. § 1981. Plaintiff seeks a declaratory judgment that the challenged policies and practices are illegal and unenforceable; a permanent injunction against any further implementation of the challenged policies and practices or any other admissions policy or practice at KSBE that grants a preference on the basis of "Hawaiian ancestry"; a permanent injunction admitting Plaintiff to a KSBE campus; damages; and a reasonable attorney's fee.

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4). Plaintiff's claim arises under a law of the United States—namely, 42 U.S.C. § 1981—within the meaning of § 1331. By this action, moreover, Plaintiff seeks to recover damages and secure equitable and other relief under an Act of Congress providing for the protection of civil rights, namely, 42 U.S.C. § 1981.

3. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b)(1), as jurisdiction is not founded solely on diversity of citizenship, and all Defendants reside in this judicial district.

## PARTIES

4. Plaintiff is a minor who brings this action by his mother as next friend. Plaintiff is a native and resident of the State of Hawaii, but neither he nor his mother is of "Hawaiian ancestry." They bring this action anonymously on the basis of their reasonable fears of retaliation by KSBE students, their parents, and members of the public for challenging KSBE's preference for applicants of "Hawaiian ancestry."

5. Plaintiff has twice applied for admission to a KSBE campus—for the 2002-2003 and 2003-2004 school years. With respect to his most recent application, Plaintiff "has been placed on [KSBE's] waiting list." Plaintiff is ready and able to apply for admission for future school years, and intends to do.

6. Plaintiff is qualified to attend a KSBE campus, having been informed by the KSBE Admissions Office that he "was a competitive applicant to Kamehameha Schools."

7. Defendant Kamehameha Schools/Bernice Pauahi Bishop Estate (KSBE) is a perpetual, charitable trust estate established under the last will of Bernice Pauahi Bishop, great-granddaughter and last royal descendant of Kamehameha the Great.

8. Defendants Constance H. Lau, Nainoa Thompson, Diane J. Plotts, Robert K.U. Kihune, and J. Douglas Ing are the incumbent trustees of KSBE (Trustees). Collectively, the Trustees set policy for KSBE and have responsibility for oversight of KSBE. With respect to the matters described herein, the Trustees were at all times

acting within the scope of their authority as officers of KSBE and in furtherance of the interests of KSBE.

9. The Trustees are sued only in their capacity as trustees of KSBE.

## GENERAL ALLEGATIONS

10. The last will of Bernice Pauahi Bishop directed the trustees of her estate to "erect and maintain in the Hawaiian Islands two schools . . . to be known as, and called the Kamehameha Schools." To that end, the Trustees and their predecessors have established, and currently maintain a "school-system with three campuses on Oahu, Maui and Hawaii serving more than 4,400 students in kindergarten through grade 12."

11. The KSBE schools are private, in that KSBE is not an agency or instrumentality of any government; they are commercially operated, in that KSBE charges tuition for children to attend the schools; and they are nonsectarian, in that KSBE has been judicially determined to be a secular institution.

12. As KSBE's own documents testify, the very first trustees of the Bernice Pauahi Bishop Estate "recognized it was Pauahi's intent to give [Native] Hawaiians a limited preference in admissions." *Questions and Answers About KS Admissions Policies*, http://www.ksbe.edu/services/admissions/policy.html (visited on June 23, 2003). This admissions "preference policy has been adhered to by successor trustees for 114 years," i.e., up to and including the present day. *Id.*

13. Thus, KSBE forthrightly acknowledges that its "policy on admissions is to give preference to children of Hawaiian ancestry." http://www.ksbe.edu/services/admissions/mainpage.html#Purpose (visited on June 23, 2003).

14. To be sure, the stated preferential policy is seemingly qualified by the phrase, "to the extent permitted by law." *Id.* But KSBE's understanding of the law is that it permits the preference *without qualification*. Thus, in describing "the legal status of [its] admissions policy," KSBE cites as authoritative and conclusive the fact that "[i]n 1999, the IRS concluded that 'The Estate's admission policy is consistent with the requirements for recognition of exemption as an organization described in section 501(c)(3) of the [Internal Revenue] code.'" *Questions and Answers About KS Admissions Policies*, *supra*.

15. The preference touted by KSBE is more than just theoretical. Plaintiff is informed and believes that except for a *single* student admitted last year, only persons of "Hawaiian ancestry" have been admitted to KSBE in the past *four decades*.

16. Even that single admission did not herald a change in policy. Instead, the admission of a non-Native Hawaiian was publicly described by the Trustees as a surprise to them and as a "situation" that "brought the problems with the admissions process into sharp focus." Indeed, the Trustees are adamant that they "did not change the admissions policy" but rather "upheld the school's policy of preference for children of Hawaiian ancestry." The obvious implication is that the Trustees would not

change the policy in the future either; to the contrary, they "pledged to work with the Hawaiian community to carefully review [KSBE's] admissions process" so that the anomaly of a non-Native Hawaiian admission would never happen again.

17. The Trustees made good on their pledge. Among other measures, the KSBE admissions process explicitly probed the racial characteristics of applicants: the "Ethnic Ancestry Survey 2003-2004" asked for the fractional racial mix of each applicant's four biological grandparents.

18. The requested information was put to efficient use: consistent with the Trustees' promise, KSBE announced last month that it is not offering enrollment to *any* non-Native Hawaiians for the upcoming school year.

19. Plaintiff is informed and believes that at least one person of "Hawaiian ancestry" whose qualifications were equal to or less than those of Plaintiff was admitted to a KSBE campus for the 2002-2003 or 2003-2004 school year.

20. Plaintiff is informed and believes that were he of "Hawaiian ancestry," he would have been admitted to a KSBE campus based on his applications for the 2002-2003 and 2003-2004 school years.

**DECLARATORY RELIEF ALLEGATIONS**

21. An actual and substantial controversy exists between Plaintiff and Defendants as to their respective legal rights and duties. Plaintiff contends that KSBE's admissions policy giving "preference to children of Hawaiian ancestry" constitutes

discrimination on the basis of race in violation of 42 U.S.C. § 1981. Defendants contend otherwise.

22. Therefore, declaratory relief under 28 U.S.C. § 2201(a) is appropriate.

**INJUNCTIVE RELIEF ALLEGATIONS**

23. If not enjoined by this Court, Defendants and their agents will continue to implement admission policies and practices at KSBE that "give preference to children of Hawaiian ancestry." This continuing course of conduct will cause Plaintiff to suffer irreparable injury, including but not limited to Plaintiff's inability to compete for admission to a KSBE campus on an equal footing without regard to his race and Plaintiff's failure to be admitted to a KSBE campus because of his race. Plaintiff has no plain, speedy, and adequate remedy at law for such injury.

24. Therefore, injunctive relief under 42 U.S.C. § 1981 is appropriate.

**CLAIM FOR RELIEF**

(Denial of Equal Rights Under the Law—42 U.S.C. § 1981)

25. Plaintiffs incorporate by reference and reallege each allegation set forth in Paragraphs 1-24 above.

26. Section 1 of the Civil Rights Act of 1866, 14 Stat. 27, now provides in relevant part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). As interpreted by the courts, § 1981

prohibits private, commercially operated, nonsectarian schools from denying admission to prospective students on the basis of any race whatsoever; such a prohibition is within the constitutional power of Congress.

27. KSBE is, or operates, a system of private, commercially operated, nonsectarian schools.

28. In granting a self-described "preference" to those prospective students with "Hawaiian ancestry," KSBE admission policies and practices deny admission to other prospective students because they lack such ancestry. That denial constitutes discrimination against prospective students on the basis of "Hawaiian ancestry."

29. Discrimination on the basis of "Hawaiian ancestry" is discrimination on the basis of race. Therefore, KSBE admission policies and practices that "give preference to children of Hawaiian ancestry" constitute discrimination on the basis of race. Such discrimination violates 42 U.S.C. § 1981.

30. As a direct and proximate result of this violation, Plaintiff has suffered, and continues to suffer, the following injuries: (1) being compelled to compete for admission to a KSBE campus on an unequal footing because of his race; (2) being denied admission to a KSBE campus because of his race; and (3) emotional distress, mental anguish, psychological trauma, depression, embarrassment, shock, indignity, humiliation, and other general damage.

31. Plaintiff is entitled to a declaration that the challenged admission policies and practices currently implemented at KSBE violate 42 U.S.C. § 1981 and are therefore illegal and unenforceable.

32. Plaintiff is entitled to a permanent injunction against any further implementation by Defendants or their agents of the challenged policies and practices or any other admissions policy or practice at KSBE that grants a preference on the basis of "Hawaiian ancestry," and to a permanent injunction admitting Plaintiff to a KSBE campus.

33. Plaintiff is entitled to compensation for the damages flowing from the above-described injuries. Plaintiff will establish at trial, according to proof, the precise amount of such damages.

34. Because the actions of Defendant KSBE were in blatant violation of the known rights of Plaintiff and were undertaken in willful and conscious disregard of those rights and in a manner that renders KSBE guilty of oppression, fraud, or malice with the intent to vex, harass, annoy, or injure Plaintiff, Plaintiff is entitled to recover punitive or exemplary damages from KSBE in addition to compensatory damages as aforesaid. Plaintiff will establish at trial, according to proof, the precise amount of such damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

(a) for a declaration that Defendants' current admissions policies and practices giving "preference to children of Hawaiian ancestry" violate 42 U.S.C. § 1981 and are therefore illegal and unenforceable;

(b) for a permanent injunction prohibiting Defendants or their agents from continuing to implement any current admissions policy or practice that grants a preference on the basis of "Hawaiian ancestry," or from adopting or implementing any such admissions policy or practice in the future;

(c) for a permanent injunction requiring Defendants to admit Plaintiff to a KSBE campus;

(d) for compensatory damages from all Defendants according to proof;

(e) for punitive or exemplary damages from Defendant KSBE according to proof;

(f) for costs of suit;

(g) for a reasonable attorney's fee pursuant to 42 U.S.C. § 1988(b); and

(h) for such other and further relief as the court may deem proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(a), Plaintiff hereby demands a jury trial of all issues triable of right by a jury.

DATED: June 25, 2003.

Respectfully submitted,

JOHN W. GOEMANS

ERIC GRANT
JAMES F. SWEENEY
SWEENEY & GRANT LLP

By [signature]
JOHN W. GOEMANS

Attorneys for Plaintiffs

AO 440 (Rev. 8/01) Summons in a Civil Action

ORIGINAL

# UNITED STATES DISTRICT COURT

District of Hawaii

JOHN DOE, a minor, by his mother and next friend, JANE DOE

V.

KAMEHAMEHA SCHOOLS/ BERNICE PAUAHI BISHOP ESTATE; and CONSTANCE H. LAU, NAINOA THOMPSON, DIANE J. PLOTTS, ROBERT K.U. KIHUNE, and J. DOUGLAS ING, in their capacities as Trustees of the Kamehameha Schools/ Bernice Pauahi Bishop Estate

## SUMMONS IN A CIVIL CASE

CASE NUMBER: CV03-00316

TO: (Name and address of Defendant)

ALL NAMED DEFENDANTS

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

JOHN W. GOEMANS
Post Office Box 2849
Kamuela, Hawaii 96743
(808) 887-1199

ERIC GRANT
JAMES F. SWEENEY
SWEENEY & GRANT LLP
1527 "I" Street
Sacramento, California 95814
(916) 341-0321

an answer to the complaint which is served on you with this summons, within 20 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

JUN 25 2003

DATE

(By) DEPUTY CLERK

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

John Doe, a minor, by his mother and next friend, Jane Doe

(b) County of Residence of First Listed Plaintiff: Honolulu
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

JOHN W. GOEMANS (808) 887-1199
Post Office Box 2849
Kamuela, Hawaii 96743 (see attachment)

**DEFENDANTS**

Kamehameha Schools/Bernice Pauahi Bishop Estate, et al.

County of Residence of First Listed Defendant ______
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury—Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. § 1981 -- racial discrimination in private education

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ damages and injunction

CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S)** (See instructions): **IF ANY** JUDGE ______ DOCKET NUMBER ______

DATE 6/25/03 SIGNATURE OF ATTORNEY OF RECORD [signature: John W Goemans]

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

Additional Attorneys for Plaintiffs:

ERIC GRANT
JAMES F. SWEENEY
SWEENEY & GRANT LLP
1527 "I" Street
Sacramento, California 95814
(916) 341-0321